**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ISMAEL MEDERO, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:16-cv-00047 |
| | ) | |
| v. | ) | |
| | ) | |
| MURPHY SECURITY SERVICE, LLC, | ) | JANUARY 12, 2016 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PETITION FOR REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

CONNECTICUT:

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant, Murphy Security Service,

LLC, respectfully petitions this Court as follows:

1.      The petitioner is the Defendant in a civil action, bearing a return date of January

12, 2016, commenced in the Superior Court of the State of Connecticut, Judicial District of

Hartford at Hartford, Connecticut.  A copy of the Summons and Complaint in that action is

attached hereto as Exhibit A.

2.      The Summons and Complaint were first served upon the undersigned Defendant

on December 17, 2015.  This petition is being filed pursuant to 28 U.S.C. Section 1446(b) within

thirty (30) days of the receipt of service of the initial pleading; the time for filing this petition has

not expired.

3.      There have been no proceedings in the State Action.  Defendant has not served an

answer or responsive pleading to Plaintiff's Complaint.

4.      The Plaintiff's Complaint alleges, in pertinent part, that the Defendant violated Conn. Gen. Stat. § 31-51q, by retaliating against him for allegedly engaging in speech protected by the Connecticut and U.S. Constitutions.  (Complaint, Count One.)

5.      "[T]he vindication of [Plaintiff's] state-law rights as asserted in his well-pleaded section 31-51q cause of action requires that a court 'construe' federal First Amendment law and 'evaluate its scope.'"  *Bracey v. Board of Education of Bridgeport*, 368 F.3d 108, 116 (2d Cir. 2004), quoting *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 91, 101 (2d Cir.), cert. denied 534 U.S. 1066, 122 S.Ct. 666, 151 L.Ed.2d 580 (2001).  Conn. Gen. Stat. § 31-51q therefore provides federal question jurisdiction.  *Id*.

6.      Based upon the foregoing, this action is one which may be removed to this Court pursuant to 28 U.S.C. Section 1441 because this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

7.      Venue is proper pursuant to 28 U.S.C. Section 1391.

8.      Pursuant to 28 U.S.C. Section 1446(d), the Defendant has on this date notified said Superior Court of the State of Connecticut of the filing of this petition.  A copy of the Notice of Removal filed in Superior Court is attached hereto as Exhibit B.

WHEREFORE, pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446, the Defendant requests that this action be removed from the Superior Court of the State of Connecticut Judicial District of Hartford at Hartford and henceforth proceed in this Court.

MURPHY SECURITY SERVICE, LLC,


By: /s/ Jonathan C. Sterling
    James M. Sconzo
    Fed. Bar #ct04571 and
    Jonathan C. Sterling
    Fed. Bar #ct24576
    CARLTON FIELDS
    One State Street, Suite 1800
    Hartford, CT  06103-3102
    Telephone:    (860) 392-5000
    Facsimile:    (860) 392-5058
    E-mail:    jsconzo@carltonfields.com
        jsterling@carltonfields.com


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by First Class Mail, postage prepaid, on

January 12, 2016, to:

Michael J. Reilly, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114


    /s/ Jonathan C. Sterling
      Jonathan C. Sterling

3