# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06103 | ( 860 ) 548-2700 | January 12, 2016 |

| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Hartford | Case type code (See list on page 2) Major: M   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 431966 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 296-3457 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    ☐ Yes   ☒ No

Email address for delivery of papers under Section 10-13 (if agreed to)

Number of Plaintiffs: 1       Number of Defendants: 1       ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Ismael Medero<br>Address: 33 Julia Street, Hartford, CT 06114 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Murphy Security Service, LLC<br>Address: 230 Oak Street, New Britain, CT 06051; Agent: Steven Berman, Rogin Nassau, 185 Asylum St. Hartford, CT | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) *[signature]* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Michael J. Reilly | Date signed 12/16/2015 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: JANUARY 12, 2015 : | SUPERIOR COURT |
| ISMAEL MEDERO : | JUDICIAL DISTRACT |
| V. : | OF HARTFORD |
| MURPHY SECURITY SERVICE, LLC. : | DECEMBER 16, 2015 |

## COMPLAINT

1. The plaintiff in this matter, Ismael Medero (hereinafter, "the Plaintiff"), was at all times relevant to this Complaint a resident of the City of Hartford, State of Connecticut.

2. The defendant in this matter, Murphy Security Service, LLC, was at all times relevant to this Complaint a Connecticut company with a primary business address of 230 Oak Street, New Britain, Connecticut.

3. Beginning in 2005, the Plaintiff was hired by a company called SOS Security as a Site Supervisor at 25 Sigourney Street, in Hartford, Connecticut, which is a building owned and operated by the State of Connecticut.

4. SOS Security had a contract to provide security services to the State of Connecticut at the aforesaid 25 Sigourney Street location.

5. In Plaintiff's position he was responsible to oversee all of the security guards at 25 Sigourney Street.

6. In 2013, the Defendant obtained the contract from the State of Connecticut to provide security services at 25 Sigourney Street.

7. When the Defendant took over the contract for 25 Sigourney Street, it hired the Plaintiff and all the other security guards to continue their previous positions at 25 Sigourney Street.

8. Pursuant to the terms of the contract between the State of Connecticut and the Defendant, all security personnel were required to have forty (40) hours of basic training in security topics prior to being assigned to work at any location covered by the contract, including 25 Sigourney Street.

9. On August 31, 2013, shortly after it took over the state contract, the Defendant provided a four (4) hour orientation regarding the Defendant to the Plaintiff and other security personnel at 25 Sigourney Street.

10. Otherwise, at no time did it provide any additional training to Plaintiff or any of the other security personnel at 25 Sigourney Street.

11. Thereafter, on August 7, 2015, Joseph McCarty, the Defendant's Director of Operations emailed Plaintiff a form and asked that he and the security personnel Plaintiff supervised complete it stating that they had received a forty (40) hour training at the time the Defendant took over the state contract back in 2013.

12. Mr. McCarty further requested that each employee back-date their signature on the form to August 31, 2013, or the employee's date of hire if the employee was hired at a later date.

13. In essence, the Defendant was asking its employees fraudulently certify that they had been given the training required by the state contract, when in fact, they had received no such training.

18. Plaintiff and all of the other security officers refused to sign the form and fraudulently state they had received the training.

19. On August 10, 2015, Joseph McCarty and Chris King, the Defendant's Scheduler, came to the 25 Sigourney Street and asked Plaintiff to disclose specifically who had refused to sign the document.

20. Plaintiff stated that all of the security officers at 25 Sigourney Street, including him, had refused to sign the document.

21. Plaintiff stated, "I am not comfortable signing this because we never took a forty hour training, only a 4 hour orientation."

22. In response, Mr. McCarty became extremely upset and confrontational and stated to Plaintiff, "So you told the officers not to sign?"

23. Plaintiff replied, "Do not put words in my mouth. I never did that. I didn't tell anyone else what to do."

24. Mr. McCarty responded by stating, "Who do you think you are talking to? That is insubordination. You need to go home."

25. Plaintiff asked why Mr. McCarty was accusing him of being insubordinate and Mr. McCarty replied, "Because you did not tell the security guards to sign" in reference to the training certification form.

26. The Plaintiff responded by stating, "I will not force the officers to lie."

27. Mr. McCarty then replied, "Your resignation has been accepted" and told the Plaintiff to leave.

28. The Defendant terminated the Plaintiff's employment because he would not sign or force others to sign the training certification form fraudulently stating that they had received forty (40) hours of training as required by the State of Connecticut contract.

**COUNT ONE: Wrongful termination in violation of Conn. Gen. Stat. § 31-51q**

1. The Plaintiff repeats and re-alleges paragraphs 1 through 28 above as paragraphs 1 through 28 of this first count, as if fully alleged herein.

29. The Defendant's termination of Plaintiff's employment is in violation of Conn. Gen. Stat. § 31-51q in that the Defendant terminated the Plaintiff on account of his exercise of his free speech rights under the Connecticut Constitutions.

30. As a result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has suffered lost wages, lost employment benefits, and other consequential damages.

31. As a further result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has suffered emotional distress.

32. As a further result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has been forced to expend attorney's fees and costs to secure his rights as guaranteed by Conn. Gen. Stat. § 31-51q.

**COUNT TWO:     Wrongful Termination in Violation of Public Policy**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 28 above, as Paragraphs 1 through 28 of this Second Count, as if fully set forth herein.

29. The Defendant's termination of the plaintiff's employment is in violation of the longstanding public policy against fraud and / or fraud in public contracts as recognized by the Connecticut Appellate Court in Schmidt v. Yardney Elec. Corp., 4 Conn. App. 69, 492 A.2d 512, (1985) and the Connecticut Supreme Court in Faulkner v. United Technologies Corp., Sikorsky Aircraft Div., 240 Conn. 576, 693 A.2d 293 (1997).

4

30. As a result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has suffered lost wages, lost employment benefits, and other consequential damages.

31. As a further result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has suffered emotional distress.

32. As a further result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has been forced to expend attorney's fees and costs to secure his rights as guaranteed by law.

**COUNT THREE:**   Violation of the Covenant of Good Faith and Fair Dealing

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 28 above, as Paragraphs 1 through 28 of this Third Count, as if fully set forth herein.

29. The Defendant's termination of the plaintiff's employment is in violation of the public policies against fraud and / or fraud in public contracts as recognized by the Connecticut Appellate Court in Schmidt v. Yardney Elec. Corp., 4 Conn. App. 69, 492 A.2d 512, (1985) and the Connecticut Supreme Court in Faulkner v. United Technologies Corp., Sikorsky Aircraft Div., 240 Conn. 576, 693 A.2d 293 (1997) and which are implied contractual terms in every employment relationship.

30. As a result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has suffered lost wages, lost employment benefits, and other consequential damages.

31. As a further result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has suffered emotional distress.

32. As a further result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has been forced to expend attorney's fees and costs to secure his rights as guaranteed by law.

<div style="text-align: right;">

THE PLAINTIFF,
ISMAEL MEDERO

By: _____
Michael J. Reilly, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: MReilly@cicchielloesq.com

</div>

**WHEREFORE,** the Plaintiff request that the Court assume jurisdiction over this matter and provide him with the following relief:

1. monetary damages;

2. reinstatement or front pay;

3. attorney's fees and costs; and

4. such other relief as the court deems just and appropriate.

<div style="margin-left: 50%;">

THE PLAINTIFF,
ISMAEL MEDERO

By: _____
Michael J. Reilly, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: MReilly@cicchielloesq.com

</div>

7

| | |
|---|---|
| RETURN DATE: JANUARY 12, 2015 | SUPERIOR COURT |
| ISMAEL MEDERO | JUDICIAL DISTRACT |
| V. | OF HARTFORD |
| MURPHY SECURITY SERVICE, LLC. | DECEMBER 16, 2015 |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims the amount of demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF,
ISMAEL MEDERO

By: _____
Michael J. Reilly, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: MReilly@cicchielloesq.com

8